SUMMONS ISSUED

CV 13 0870

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 15 2013 ★

LONG ISLAND OFFICE

LASHAWN SMITH on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

ALLIED INTERSTATE, LLC.

                Defendant.

GLASSER, J.
J. ORENSTEIN, M.J.

**CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiff Lashawn Smith seeks redress for the illegal practices of Allied Interstate, LLC. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Columbus, Ohio.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Lashawn Smith*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about June 6, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "Our client is required a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more. Please consult your tax adviser concerning any tax questions."

13. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.
15 U.C.S. § 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

14. Advising Plaintiff that Allied Interstate, Inc.'s client, LVNV Funding LLC, "is required

a form 1099C with the Internal Revenue Service…" is deceptive and misleading in violation of the FDCPA.

Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

15. Here, there is no basis to conclude that a triggering event has or will occur requiring LVNV Funding LLC to file a Form 1099-C.

16. The gratuitous reference in a collection letter that a collector's client will contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

17. Said letter violated 15 U.S.C. §§ 1692e, and 1692e(10), by falsely representing that "Our client is required a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more." Such a statement is objectively false. Any forgiveness may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

18. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

19. Said letter language is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

20. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

21. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven amount of $600 or more without disclosing that 1099C are only issued for principal forgiveness not interest forgiveness.

22. Said letter does not indicate how much of the current debt is interest and how much of it is principal.

23. Said letter fails to disclose to consumers that there is a distinction between principal and interest.

24. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

25. Said letter violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that "Our client is required a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more." as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

26. Defendant's actions as described herein also violate § 1692e(8), in that the language

-4-

contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

27. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

28. The Defendant's letter gives consumers objectively false and deceptive tax advice.

29. The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

30. The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

31. The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

32. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax

-5-

advice to consumers regarding 1099C tax forms.

33. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). (This includes a statement that a 1099 must be issued when a 1099 is not required.), Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). (Many classes have been certified.), see Sledge v. Sands, 1998 WL 525433(class certified), and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

34. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of a class.

36. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Allied Interstate, Inc. asserting a debt owed to "LVNV Funding LLC", bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about June 6,2012; (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the

collection letter was not returned by the postal service as undelivered, and (c) the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(5), 1692e(8), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

>Dated: Cedarhurst, New York
>February 14, 2013
>
>_____
>Adam J. Fishbein, P.C. (AF-9508)
>Attorney At Law
>**Attorney for the Plaintiff**
>483 Chestnut Street
>Cedarhurst, New York 11516
>Telephone (516) 791-4400
>Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

4107

Date: June 06, 2012

Lashawn Smith
184 E 96th St Apt 4A
Brooklyn, NY 11212-2806

**AlliedInterstate.**

3000 Corporate Exchange Dr 5th Floor Columbus, OH 43231
Toll Free: (866) 801-0004
Mon-Fri 8AM-9PM Sa: 6AM-12PM

Allied Interstate Account No: P56208735
Current Creditor: LVNV Funding LLC
Original Creditor: CREDIT ONE BANK N.A.
Current Creditor Account #:
Amount Due: $912.24

Dear Lashawn Smith:

LVNV Funding LLC has given us authority to settle your account for less than the total amount due. We have been authorized to accept one single payment in the amount of 264.55 as settlement on the Amount Due listed above.

To take advantage of the settlement offer outlined above we must receive your payment at the post office box referenced below no later than the close of business on 06-26-2012. After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety. This is a limited opportunity and is contingent upon the clearance of your good funds.

Please contact our office at the telephone number listed below should you wish to initiate a payment via the telephone. Please have this letter available when you call.

Sincerely,

Nicole Cummins
(866) 801-0004
Allied Interstate LLC

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.

We process checks electronically, and your checking account will be debited on the day we receive your payment. Your check will not be returned.

Our client is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more. Please consult your tax advisor concerning any tax questions.

---

**Notice: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

---

Undeliverable Mail Only:
P.O. Box 1954
Southgate, MI 48195-0954

(Detach and return with payment)

4107

Allied Interstate Account No.: P56208735
Current Creditor: LVNV Funding LLC
Current Creditor Account No.:

Amount Due: $912.24

Payment Enclosed: $_____

CCD/P56208/35/4107     002558443566     0005306/0018

Lashawn Smith
184 E 96th St Apt 4A
Brooklyn, NY 11212-2806

P56208735

Allied Interstate LLC
P.O. Box 361774
Columbus, OH 43236

We are required under state or local law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under local, state, and federal law.

**California:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practice Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Colorado:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

Our local address: 13111 E. Briarwood Ave. #340, Centennial, CO 80112 and phone# 303-309-3839

**Maine:**
Maine residents may contact our office by telephone at the number and office hours stated on the front of this letter.

**Massachusetts:**
Massachusetts residents may contact our office by telephone at the number, office hours and address stated on the front of this letter or to 5230 Washington St. West Roxbury, MA 02132.

NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**Minnesota:** This collection agency is licensed by the Minnesota Department of Commerce.

**New York City:**
New York City Department of Consumer Affairs License Nos.: 1140302, 1173635, 1140115, 1140113, 1140304, 1140551, 1140554, 1140555, 0933734, 1168335, 1140606, 1140607, 1140608, 1248312, 1248315.

**North Carolina:**
North Carolina Department of Insurance Permit Nos.: 3709, 3683, 3738, 917, 3715, 3740, 1061, 4379, 3736, 4433, 4461, 4432, 3741.

**Tennessee:**
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**Wisconsin:**
This collection agency is licensed by the Division of Banking, P.O. Box 7876 Madison, Wisconsin 53707.

Federal and state laws prohibit certain methods of debt collection, and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at Allied Interstate LLC, P.O. Box 361774, Columbus, OH 43236, email us at advocacygroup@allied-interstate.com, or call us toll free at 800-811-4214 between 9:00 AM Central Time and 5:00 PM Central Time Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580.